COMMONWEALTH, FOR USE OF LUCY WHITE, *v.* BEN SANDERS, ETC.

**Recognizances—Liability of Sureties on Bond.**

Where a defendant in a bastardy proceeding entered into a recognizance to appear in court on the first day of the next term of the court and abide and perform the judgment of the court, and did appear and responded to the judgment of the court by surrendering himself to the jailor of the county and remaining in jail until regularly discharged as an insolvent debtor, there is no breach of the recognizance whereby his surety is rendered liable.

**Recognizances—Undertaking of Sureties on Bond.**

A surety on a receognizance bond simply undertakes that no loss shall be sustained by the plaintiff or the commonwealth because of the release of the defendant from custody, and that the defendant shall at all times hold himself subject to the law as though he were confined in jail.

APPEAL FROM MERCER CIRCUIT COURT.

March 11, 1873.

OPINION BY JUDGE LINDSAY:

The conditions of the recognizance to be entered into by a party proceeded against upon a charge of bastardy are, that he will appear in the county court of the county in which the warrant issued on the first day of the succeeding term, and abide by and perform the judgment of said court. Section 3, Act June 3d, 1865. Myers Supplement page 63.

Should the accused fail to appear as required by his recognizance, and fail to respond to and satisfy any judgment that may be rendered, the bond shall be forfeited and judgment rendered thereon. Ibid, section 5.

If the accused is adjudged the father of the bastard child, he shall enter into bond with good security, to be examined by the county attorney and approved by the court, conditioned for the payment of the sums adjudged in each installment as the court shall direct, and in case of his failure to enter into such bonds, the court shall commit him to jail, there to remain until he shall give the bond, pay the money or be discharged as an insolvent debtor. Ib., Sec. 10.

In this case Ben Sanders, the party charged, did appear, and respond to the judgment of the court against him, by surrendering himself to the jailer of the county, and remaining in jail until regularly discharged as an insolvent debtor.

There having been no breach of the undertaking of his surety, the latter can not be compelled to satisfy the judgment in the case.

The object of the recognizance is to secure the appearance of the accused, and his obedience to such orders as the court may legally make in the progress of the trial, and in the enforcement of such judgment as may be recovered against him.

If he had failed to give the recognizance it would have been the duty of the county judge to commit him to jail, there to remain until it was given, or he discharged according to law.

His bondsman or surety undertook that no loss should be sustained by the complainant or by the commonwealth in case of his release from custody, and that he at all times would hold himself subject to the law as completely as though he was confined in the jail.

Here no loss has been sustained by any one, and all the orders of the court have been enforced in the exact manner they could have been had no recognizance been given. Such being the facts the surety had incurred no liability, and the proceedings against him upon the alleged forfeiture was properly dismissed.

Judgment *affirmed*.

*J. B. Thompson, John Rodman, for appellant.*

*C. A. & P. W. Hardin, for appellee.*